EDDIE M. & DANA I. CARPENTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carpenter v. Commissioner
Docket No. 11539-79.
United States Tax Court
T.C. Memo 1980-407; 1980 Tax Ct. Memo LEXIS 187; 40 T.C.M. (CCH) 1302; T.C.M. (RIA) 80407; September 18, 1980, Filed Eddie M. Carpenter, pro se. Deborah A. Butler, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge *188 : Respondent determined a deficiency of $2,899 in petitioners' Federal income tax for the year 1977. The issues for decision are: (1) whether petitioner Eddie M. Carpenter is entitled to claimed casualty losses, totaling $17,062.25, with respect to real property and because of his failure to receive pension benefits in 1977 from the Harding Glass Company and "Black Lung Disease" benefits; (2) whether the petitioners have established an increase in the basis of property they sold in 1977 for the purpose of calculating the capital gains on such property; and (3) whether the petitioners are entitled to deduct $315.50 for medical and dental expenses in 1977. FINDINGS OF FACT Some of the facts are stipulated and are so found. Eddie M. Carpenter (petitioner) and Dana I. Carpenter are husband and wife who resided in Fort Smith, Arkansas, when they filed their petition in this case. They filed their joint Federal income tax return for 1977 with the Internal Revenue Southwest Service Center at Austin, Texas. In October 1946 the petitioners purchased a house at 800 North 36th Street, Fort Smith, Arkansas, for $4,500. In 1964 they bought a second house at 804 North 36th Street *189 for $4,500. Over the years until 1969 they made various improvements to both properties, consisting of the following: reroofing, refinishing the floors, installing new light fixtures and venetian blinds, replacing a water line and a sewer line, rewiring, lowering the ceilings and landscaping. These improvements totaled $3,800. Both properties were sold by petitioners in July 1977 for a total price of $20,000. Petitioners erroneously claimed a basis of $9,000 in the properties and reported capital gains of $5,000 on their Federal income tax return. The correct adjusted basis in the properties is $12,800. From time to time the properties were vandalized but the petitioners were uncertain as to the years when it occurred and the extent of the damage. In either the fall of 1976 or winter of 1977 the properties were damaged by falling trees. A large elm tree caved in the roof of the house at 800 North 36th Street. However, petitioners offered no evidence establishing the amount of the casualty loss to the properties, and they have no records or documentation to substantiate it. Petitioner was employed by the Harding Glass Company from July 16, 1952 to November 21, 1975. On *190 the latter date the petitioner's employment was terminated by the company. He became eligible to receive a pension from the Harding Glass Company on November 19, 1976, when he reached the age of 62. Petitioner was involved in a dispute with the Harding Glass Company regarding his reinstatement as an employee, and he did not apply for his pension until 1978. He has received a pension from the company since 1978. The loss claimed by petitioner with respect to his pension from the Harding Glass Company was determined by calculating the pension he would have begun receiving on November 19, 1976. Thus, the claimed loss ($4,287.50) is based on an alleged loss of potential pension benefits for two months in 1976 and all of the year 1977. Respondent disallowed the claimed loss. Petitioner claims that he should have received "Black Lung Disease" benefits during 1977. He offered no evidence as to his eligibility to receive such benefits or the amounts thereof for purposes of calculating his claimed loss of benefits, other than the aggregate amount ($17,062.25) claimed as "casualty losses" on his 1977 Federal income tax return. Petitioners deducted $315.50 as medical and dental expenses *191 paid in 1977. Such amount does not exceed the amount which is three percent of adjusted gross income. OPINION 1. Claimed Casualty Losses. Section 165(a) [1] provides for the deduction of any loss sustained during the taxable year and not compensated for by insurance or otherwise. Section 165(c) provides for limitations on the deduction of losses by individuals and specifically lists as one of the allowable deductions by individuals losses of property not connected with a trade or business from fire, storm, shipwreck, or other casualty to the extent such losses exceed $100. In order to substantiate a deduction under section 165, a taxpayer must establish: (1) that he is the person entitled to claim the loss; (2) that the property for which the loss was claimed was, in fact, property subject to a casualty; (3) that the year in which the loss is claimed is, in fact, the year in which the loss is deductible; (4) the cost or adjusted basis in the property; and (5) the fair market value of the property immediately before the casualty. *192 Section 1.165-7, Income Tax Regs.
Under the provisions of section 1.165-7(b)(1), Income Tax Regs., the amount of loss to be taken into account for the purposes of section 165(a) shall be the lesser of either (1) the amount which is equal to the fair market value of the property immediately before the casualty, reduced by the fair market value of the property immediately after the casualty or (2) the amount of the adjusted basis prescribed in section 1.1011-1 for determining the loss from the sale or other disposition of the property involved. A deduction will be denied if the taxpayer fails to produce evidence which establishes that he suffered a loss in the taxable year in question as a result of a casualty and the actual amount of the loss. Axelrod v. Commissioner, 56 T.C. 248 (1971). There is no evidence in this record which establishes the amount of any purported casualty loss or the value of the property. The only reference to the amount of the loss is the petitioners' statement contained on the face of their Federal income tax return for the year 1977, claiming a casualty loss with respect to certain property located in Fort Smith, Arkansas. They have *193 failed to introduce any evidence regarding the value of the property purportedly subject to a loss, the specific types of damage, the dates on which the casualties occurred, or the amount of such losses. The petitioner testified that he was unable to recall the specific details regarding the damage to the real property or the dates on which such damage allegedly occurred. However, he did state that the amount claimed as the casualty loss was an estimate and that the alleged damage occurred during the entire time the petitioners owned the property, and not merely during the year 1977. Based on the evidence presented, we hold that the petitioners have failed to establish that a casualty loss occurred during the year 1977 with respect to both parcels of real property. Petitioner asserts that part of the casualty loss taken during the year 1977 is attributable to his failure to receive a pension from the Harding Glass Company. The claimed loss was computed to be in the amount of $4,287.50. According to the petitioner, he would have received a pension starting on November 19, 1976, if his employment had not been terminated on November 21, 1975. The claimed loss is based on the *194 alleged loss of such pension for two months in 1976 and 12 months in 1977. With respect to the claimed casualty loss due to his failure to receive "Black Lung Disease" benefits, the petitioner argues that he should have received certain monies for "Black Lung Disease" benefits during the year 1977. But he did not offer any details as to his eligibility to receive such benefits or the amounts of such benefits for purposes of calculating the claimed loss.
Respondent contends that the petitioner has failed to prove that he had a right to receive a pension from the Harding Glass Company or any "Black Lung Disease" benefits in 1977, or that the claimed loss occurred during 1977 with respect to either the pension or the "Black Lung Disease" benefits.
We agree with respondent. Petitioner has the burden of proving that the respondent's determination in disallowing the claimed losses is erroneous. He has failed to do so. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Here the evidence shows that the petitioner's position was terminated by the Harding Glass Company in November 1975. It also shows that the petitioner *195 has received a pension from the Harding Glass Company since 1978, the year in which he first applied for it.He did not become eligible to receive a pension until he reached 62 years of age on November 19, 1976. But he was involved in a dispute with the Harding Glass Company regarding his reinstatement and, therefore, did not apply for his pension until 1978. He received his pension the same year in which he applied for it. The evidence does not establish that the petitioner was entitled to receive the amounts which were claimed to have been "lost" during the year 1977, either with respect to the pension from the Harding Glass Company or with respect to the "Black Lung Disease" benefits. See and compare Dick v. Commissioner, T.C. Memo. 1968-32. Accordingly, we conclude that the petitioners are not entitled to a deduction under section 165 for any casualty losses in the year 1977. 2. Increase in Basis of Property Subject to Capital Gains. We are satisfied that the petitioners have established a basis of $12,800 in the properties they sold in 1977. Therefore, the amount of the capital gains on the sale of such properties can be recalculated and reflected *196 in the Rule 155 computation. 3. Medical and Dental Expense Deduction. Section 213 allows a deduction for medical and dental expenses which are not compensated for by insurance or otherwise. Except for certain amounts paid for health insurance, only such medical and dental expenses are deductible as exceed three percent of adjusted gross income. Section 1.213-1(a)(2), Income Tax Regs.
Here the petitioners attempted to deduct as medical and dental expenses an amount ($315.50) which did not exceed three percent of their adjusted gross income for that year. Therefore, we sustain respondent's determination disallowing the deduction. To reflect the conclusions reached herein, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year 1977, unless otherwise indicated.↩